UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WACO HOLDINGS INC., *et al.*, | : | Case No. 11-17843 |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Judge Arthur I. Harris |

**MOTION OF MOSS STREET PROPERTIES FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM AND TO SHORTEN PERIOD TO
ASSUME OR REJECT NON-RESIDENTIAL LEASE**

Creditor and landlord Moss Street Properties files this motion (the "Motion") for allowance and payment of an administrative expense claim, pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A) in the pro-rata amount of $17,014.15, for the "stub" rent period of September 9, 2011 to September 30, 2011, plus the amount of $48,611.86 due for the months of October and November, 2011—a total of $65,626.01—on account of the rights and benefits enjoyed by Debtor Arise Scaffolding & Equipment, Inc. ("Debtor") as tenant and sub-landlord of the non-residential real property located 676 Moss Street, Chula Vista, California 91911 (the "Premises"); and for an order, pursuant to 11 U.S.C. §§ 105(a) and 365(d)(4) shortening the current deadline of April 9, 2012, for the Debtor (at the direction of the asset purchaser, Safway Services, LLC), to assume or reject the lease for the Premises.

**JURISDICTION AND VENUE**

1.     On September 9, 2011 (the "Petition Date"), the Debtors[1] each filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in this District.

---

[1] The Debtors in these consolidated cases are Waco Holdings, Inc. (Case No.: 11-17843); Waco International Corporation (Case No.: 11-17844); Waco Common Paymaster (Case No.: 11-11-17845); Waco International West, Inc. (Case No.: 11-17848); Arise Scaffolding and Equipment, Inc. (Case No. : 11-17849); Waco International Incorporated (Case No.: 11-17850); and Waco Equipment Company (Case No: 11-17851).

4022212v1

2. At the inception of these cases, the Debtors were operating as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The Court has jurisdiction over the matters raised in this Motion pursuant to 28 U.S.C. § 1334, which constitute a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O). Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are 11 U.S.C. §§ 105(a), 365(d)(3), (d)(4), and 503(b)(1)(A).

## BACKGROUND

### A. Moss Street Lease

5. Debtor entered into a Standard Industrial/Commercial Multi-Tenant Lease – Net with Norm Pressley and Norm Pressley Truck Centers, Inc. dated April 21, 2003, for the Premises (the "Moss Street Lease"), generally described as: (a) two buildings: (1) a 14,000 square foot office, manufacturing and shop building; and (2) a 5,000 square foot warehouse; and (b) 5.2 acres for storage, distribution, parking and circulation. A copy of the Moss Street Lease is attached as Exhibit A.

6. Moss Street Properties is the successor in interest to Norm Pressley and Norm Pressley Truck Centers, Inc., and is therefore the landlord under the Moss Street Lease.

7. Rent (as defined in the Moss Street Lease) is payable on the first day of each month commencing on August 1, 2003. The Moss Street Lease is for a term of ten (10) years, ending on June 30, 2013.

8. At present, the monthly Rent payable is $31,305.93, but the sub-tenant (further described below) has paid $7,000.00 per month directly to Moss Street Properties. Accordingly,

the Debtor's monthly payment due to Moss Street Properties for Rent, for the months at issue and consistent with pre-bankruptcy practice is $24,305.93.[2]

9. Prior to the sale of substantially all of the Debtors' assets, Debtor and Moss Street Properties were in discussions concerning the Moss Street Lease and amounts due thereunder. However, Debtor has still not paid Moss Street Properties the Rent due for September, October or November, 2011. The pro-rata amount due by the Debtor for the post-petition "stub" rent period of September 9, 2011 to September 30, 2011, based upon the normal monthly Rent otherwise payable by the Debtor under the Moss Street Lease, is $17,014.15.

10. With respect to "Rent for any period during the term" of the Moss Street Lease "which is for less than one full calendar month[,]" the Rent "shall be prorated based upon the actual number of days of said month." (*See* Moss St. Lease, § 4.3, p. 3.)

**B.  Moss Street Sublease**

11. In 2009, Debtor and Rapid Prep, LLC, as sublessor and sublessee, entered into a Standard Sublease Multi-Tenant for a portion of the larger Premises (the "Moss Street Sublease"), generally described as a one (1) acre parcel with a 5,000 square foot building. A copy of the Moss Street Sublease is attached as Exhibit B.

12. The monthly Base Rent payable under the Moss Street Sublease is $7,000.00, which commenced on December 1, 2009. The first renewal term of the Moss Street Sublease began on December 1, 2011 and was set to end on November 31, 2012.

13. On January 11, 2012, upon the Debtors' motion, the Court entered an Order (Doc. No. 213) authorizing the Debtors to reject the Moss Street Sublease retroactive to the closing date of the asset sale (discussed below), which was November 21, 2011.

---

[2] This amount includes obligations for Common Area Operating Expenses, as defined in the Moss Street Lease.

### C. Sale of Substantially All of Debtors' Assets

14. On September 14, 2011, the Debtors filed a Motion with the Court (the "Bid Procedures Motion") seeking the entry of an order, among other things: A) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets; (B) Authorizing Payment of an Expense Reimbursement and Termination Fee; (C) Scheduling Auction, Bid Deadline, and Sale Hearing Date; and (D) Approving Form of Notice Filed by Debtor Waco Holdings Inc. The Court entered an Order granting the Bid Procedures Motion (the "Bid Procedures Order") on October 4, 2011 (Doc. No. 96). Pursuant to the Bid Procedures Order, the Debtors were granted the authority to sell their assets at auction and to assume and assign unexpired non-residential real property leases to successful purchaser of its assets, including, but not limited to the Moss Street Lease.

15. An auction of the Debtors' assets was scheduled for, and was conducted on November 10, 2011, in accordance with the Court's Bid Procedures Order.

16. Pursuant to the Bid Procedures Order, the Debtors filed a notice on October 13, 2011, setting forth the proposed cure amount with respect to each non-residential real property lease that the Debtors sought to assume and assign. The cure amount set forth by the Debtors for the Moss Street Lease was $103,310.00.

17. On November 16, 2011, the Court entered an Order: 1) authorizing and approving an asset purchase agreement (which was attached to the Sale Motion as Exhibit A) (the "APA") between the Debtors and Safway Services, LLC (the "Purchaser"); 2) authorizing the sale of the assets to Purchaser pursuant to the APA; and 3) authorizing the assumption and assignment of certain executory contracts and unexpired leases in connection with the APA, and 4) granting other related relief (the "Sale Order") (Doc. No. 160).

18. Pursuant to the APA, within five days of the date that the Purchaser bought the Debtors' assets the Debtors were required to seek an extension of the 120-day period of 11 U.S.C. § 365(d)(4)(A) within which the Debtors were obligated to assume or reject certain unexpired leases of non-residential real property (the "120 Day Period").

### D. Debtor's Motion to Extend Time to Assume or Reject

19. On November 17, 2011, the Debtor and its affiliates filed a motion pursuant to 11 U.S.C. § 365(d)(4) to extend the time to assume or reject the Moss Street Lease, among others (Doc. No. 164). Therein, the Debtors collectively represented in paragraph six (6) that "they believe they are current on all of their post-petition rent and other payment obligations to the Landlords. Thus, the Debtors believe they have complied with the requirements of Bankruptcy Code section 365(d)(3)." But, in fact, they have not.

20. The Court granted the Debtors' motion to extend the 120 Day Period and the Debtors currently have until April 9, 2012 to decide whether to assume or reject the Moss Street Lease.

## RELIEF REQUESTED

21. Because the Debtor has failed to pay Rent due and owing for October and November, 2011, along with the post-petition "stub" rent due for September 2011, Moss Street Properties respectfully requests that this Court enter an order: (1) allowing and requiring Debtor to pay the total amount of $65,626.01 to Moss Street Properties as an administrative expense claim pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b); and (2) shortening the current deadline of April 9, 2012, for the Debtor, as directed by the Purchaser[3], to assume or reject the Moss Street Lease.

---

[3] Section 8.04 of the APA–the Asset Purchase and Sale Agreement dated as of November 14, 2011–between Debtors and Purchaser, attached to the Sale Order as Exhibit A, provides that the "Designated Remaining Leases,"

## LAW AND ARGUMENT

### A. Summary

22. Although Debtor has continued to lease the Premises and enjoy the rights and benefits as tenant and sublessor, and has received rent from the sublessee, from September 9, 2011 and on, Debtor has not paid Rent to Moss Street Properties for the months of September, October and November, 2011, has since sold its assets, such as the Moss Street Lease, to the Purchaser, and has previously obtained a 90-day extension of time to assume or reject the Moss Street Lease (at the direction of the Purchaser) under the misbelief that the Debtor was current on its post-petition Rent obligations to Moss Street Properties.

### B. Full Monthly Post-Petition Rent

23. Pursuant to 11 U.S.C. § 365(d)(3) and applicable case law, the Debtor is required to timely pay all post-petition rent and related obligations to Moss Street Properties per the terms of the Moss Street Lease. The Debtor shall:

> timely perform all the obligations of the debtor, . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).

24. Accordingly, Debtor has failed to comply with § 365(d)(3) and is obligated to immediately pay the monthly rent that became due and payable on the first days of October and November, 2011, after the Petition Date, under the terms of the Moss Street Lease.

---

which presumably includes the Moss Street Lease (as indicated by Schedule 2.05 that is not attached to the Sale Order), will be assumed or rejected "pursuant to the written notice by the Purchaser to Sellers delivered no later than the seventh Business Day prior to the applicable Section 365(d)(4) Deadline …." (*See* Agreement, p. 32.) To date, neither the Debtors nor the Purchaser have given Moss Street Properties any indication of whether the Purchaser intends to assume or reject.

6

11-17843-aih    Doc 235    FILED 02/10/12    ENTERED 02/10/12 16:01:51    Page 6 of 13

25. Further, given that the Debtors have sold substantially all of their assets, there is no reason to postpone the payment of administrative expense claims.

C. **"Stub" Post-Petition Rent**

26. Although the billing date for September Rent under the Moss Street Lease was prior to the Petition Date of September 9, 2011, that does not mean that the "stub" rent is not due and payable as an administrative expense claim. As stated in the Moss Street Lease, for any month that was less than a full month, Rent "shall be prorated based upon the actual number of days of said month." (*See* Moss St. Lease, § 4.3, p. 3.) Further, case law since *In re Koenig Sporting Goods, Inc.,* 203 F.3d 986 (6th Cir. 2000) has determined that the proration approach under § 365(d)(3) is appropriate for circumstances such as that now before this Court:

> we find that [Debtor's] responsibility to pay rent crystallized on the first of the month thereby giving rise to the landlords' claims. However, the Debtor's obligation arose each day in the month of February until it vacated the premises and the landlords were free to re-lease the space. The Debtor wanted the continued occupancy of the leased property to conduct its going-out-of-business sales. To get this benefit it should be required to pay the full rent under the lease for every day that it continued to occupy the property after the bankruptcy filing.

*In re Travel 2000, Inc.,* 264 B.R. 444, 451 (Bankr. W.D. Mich. 2001) (analyzing and determining that arguments to the contrary, based upon *Koenig* and *In re ½ Off Card Shop, Inc.,* Case No. 00-48425-WS, 2001 WL 1822419 (Bankr. E.D. Mich. March 7, 2001), were incorrect; that *Koenig* must be limited to its specific facts; and that the legislative history of § 365(d)(3) and prior Supreme Court case law indicate that the pro-ration approach is correct).

27. Even if 11 U.S.C. § 365(d)(3) were determined inapplicable to the post-petition "stub" Rent period, Moss Street Properties is still entitled to allowance and immediate payment of this Rent as an administrative expense claim under 11 U.S.C. §503(b)(1)(A), which provides:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>> (1)(A) the actual, necessary costs and expenses of preserving the estate ….

11 U.S.C. § 503(b)(1)(A).

28. In this circumstance, in which the Debtor continued to enjoy the rights, benefits and income received as the tenant and sublessor of the Premises, and sold those rights to the Purchaser, there can be no dispute that the pro-rata amount of Rent due under the Moss Street Lease is an actual and necessary cost and expense of preserving the Debtors' estates and that the contract rate is the proper measure.

29. As an example, the United States Bankruptcy Court for the District of Delaware has held that the "the mere fact that the Debtors are occupying the Landlords' premises is sufficient, in and of itself, to establish that payment for that use and occupancy is an actual, necessary expense of preserving the Debtors' estates under section 503(b)(1)." *In re Sportsman's Warehouse, Inc.*, 436 B.R. 308, 313-14 (Bankr. D. Del. 2009) (citing *In re Goody's Family Clothing, Inc.,* 392 B.R. 604, 614 (Bankr. D. Del. 2008), *aff'd,* 401 B.R. 656 (D. Del. 2009). Moreover, "the amount of the administrative claim for that use and occupancy is the fair market value, which presumably is the lease rate unless there is evidence to the contrary." *Id.* at 315 (citing *Goody's Family Clothing, Inc.,* 392 B.R. at 614)).

30. Under either §§ 365(d)(3) or 503(b)(1)(A), Moss Street Properties is entitled to payment of the post-petition "stub" Rent at the contract rate, and to payment of it immediately.

**D. Time to Assume or Reject**

31. As set forth in paragraph nine (9) of the Debtor's motion to extend time to assume or reject (Doc. No. 164), one of the considerations in analyzing whether "cause" exists is

"whether the debtor is current on its post-petition obligations under the leases and the impact of the proposed extension on lessors." (Citing *In re Burger Boys,* 94 F.3d 755, 760-76 (2d Cir. 1996).)

32. Moreover, in paragraph thirteen (13) of the Debtor's same motion, they represented that "[i]mportantly, the requested extension will not prejudice the Landlords as the Debtors believe they are current on all of their post-petition obligations due under the Leases."

33. As evidenced by the instant Motion, the Debtors are not current on the obligations under the Moss Street Lease and, in fact, have not paid any Rent to Moss Street Properties since the Petition Date given that the Rent for December, 2011 and subsequent months have been paid by the Purchaser.[4]

34. Given that the extension of time was previously granted for cause based, in whole or in part, upon representations that have now been shown to be false, the ninety (90) day extension of time until April 9, 2012 for the Debtor to assume or reject the Moss Street Lease (at the direction of the Purchaser) should be shortened.

**WHEREFORE,** Moss Street Properties respectfully requests that this Court enter an order:

A. Granting it an allowed administrative expense claim in the pro rata, contract amount of $17,014.15 for the "stub" Rent period from September 9 through September 30, 2011 under 11 U.S.C. § 365(d)(3) and/or § 503(b)(1)(A), as applicable;

B. Granting it an allowed administrative expense claim in the contract amount of $48,611.86 for the Rent due for the months of October and November, 2011 under 11 U.S.C. § 365(d)(3);

---

[4] The Purchaser, purportedly on behalf of the Debtor, has paid Rent to Moss Street Properties for the months of December, 2011, and January and February, 2012.

C. Directing the Debtor to immediately pay to Moss Street Properties the foregoing administrative expense claims;

D. Shortening the extended period for the Debtor to assume or reject the Moss Street Lease under 11 U.S.C. § 365(d)(4); and

E. Granting such other and further relief as this Court deems just and fair.

Respectfully submitted,

**ICE MILLER LLP**


/s/ Robert M. Stefancin
Robert M. Stefancin (0047184)
600 Superior Ave., East
Suite 1701
Cleveland, Ohio 44114
Telephone: (216) 621-6501
Facsimile: (216) 621-6502
Email: Robert.Stefancin@icemiller.com

-and-

Tyson A. Crist (0071276)
250 West Street
Suite 700
Columbus, Ohio 43215
Phone: (614) 462-2243
Fax: (614) 224-3266
Email: Tyson.Crist@icemiller.com

*Attorneys for Moss Street Properties*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of February, 2012, a true and accurate copy of the foregoing *Motion of Moss Street Properties for Allowance and Payment of Administrative Expense Claim and to Shorten Period to Assume or Reject Non-Residential Lease* was served via the ECF system on all parties registered to receive such notices in these cases, and by first class U.S. Mail, postage pre-paid, upon the following:

Kari B. Coniglio
William E. Schonberg
Benesch, Friedlander, Coplan &
Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378

Commonwealth of Pennsylvania
Dept. of Labor and Industry
Reading Bankruptcy & Compliance Unit
625 Cherry Street, Room 203
Reading, PA 19602-1152

Foley & Mansfield, P.L.L.P.
Attn: Thomas J. Lallier
250 Marquette Avenue
Suite 1200
Minneapolis, MN 55401

G 3 Tapes, Inc.
c/o Rick Kirkegaard
1920 Cordell Court
Suite 101
El Cajon, CA 92020

Granite Industries, Inc.
c/o Keith Short
595 East Lugbill Road
Archbold, OH 43502

Jasper Materials
c/o Terrance O'Donnell
150 Hickman Road
Jasper, TN 37347

Joseph A. Kacyon
2745 Nesbitt Avenue
Akron, OH 44319

Navistar Leasing Company
425 N. Martingale Road
18th Floor
Schaumberg, IL 60173

Regional Equipment Services
c/o Anthony J. Dosen Jr.
5459 Lake Court
Cleveland, OH 44114

Robert W. Bollar, Esq.
Southern Counties Oil Co.
1800 W. Katella Avenue
Suite 400
P.O. Box 4159
Orange, CA 92863-4159

STEPUP Scaffolding, LLC
aka Gofront Scaffold
c/o Jiang John Chen
11813 Shoemaker Avenue
Santa Fe Springs, CA 90670

TDR Systems, Inc.
t/a Chutes International
c/o Hadi C. Boustani
4400 Austin Lane
White Plains, MD 20695

Tennessee Dept of Revenue
c/o TN Attorney General's Office, Bankruptcy Div
PO Box 20207
Nashville, TN 37202-0207

Trustees of the Estate of Bernice Pauahi Bishop
567 South King Street, Suite 200
Honolulu, HI 96813

11

Susan L. Gragel
Andrew A. Crampton
Goldstein Gragel LLC
1040 Leader Building
526 Superior Avenue, East
Cleveland, OH  44114

Carpenters Trusts of Western Washington
c/o Levy von Beck & Associates, P.S.
Sanford R. Levy
Judy K. Brown
600 University Street, Suite 3300
Seattle, WA  98101

Joseph W. Knots
U.C. Tax Agent/Bankruptcy Representative
Commonwealth of Pennsylvania
625 Cherry Street – Room 203
Reading, PA  19602-1184

Ballory & Tanoury
Attn:  Steven L. Ball
1010 Old Henderson Road
Suite 1
Columbus, OH  43215

Buckley King, LPA
Attn:  Harry W. Greenfield &
Heather E. Heberlin
1400 Fifth Third Center
600 Superior Avenue, Eas
Cleveland, OH 44114

Christopher M. Hill & Associates, P.S.C.
Attn: Christopher M. Hill
P.O. Box 817
Frankfort, KY  40602

Dinsmore & Shohl LLP
Attn:  Tim J. Robinson, Esq.
191 W. Nationwide Blvd.
Suite 300
Columbus, OH  43215

Macala & Piatt, LLC
Attn:  Timothy P. Piatt &
Thomas J. Griffith
4150 Belden Village Street NW
Suite 602
Canton, OH  44718

North American Scaffolding, Inc.
Attn:  Leon V. Komkov
807 Brazos, Suite 1002
Austin, TX  78701

Sebaly Shillito + Dyer
Attn:  Robert G. Hanseman
1900 Kettering Tower
Dayton, OH  45402

Timothy C. Reuter, Esq.
Central States Law Dept.
9377 West Higgins Road
Rosemont, IL  60018-4938

Waco Holdings Inc.
4545 Spring Road
Cleveland, OH  44131

Derrick Rippy
Office of the US Trustee
H. M. Metzenbaum U.S. Courthouse
201 Superior Avenue
Suite 441
Cleveland, OH 44114

Scott N. Opincar
Sean D. Malloy
McDonald Hopkins LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH  44114-2653

Safway Services, LLC
Attn:  Curt Paulsen
N19 W24200 Riverwood Drive
Waukesha, WI  53188

Latham & Watkins LLP
Attn: Keith Simon & John Giouroukakis
885 Third Avenue
New York, NY 10022

/s/ Robert M. Stefancin
Robert M. Stefancin (0047184)